**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHOPPERS CHOICE SUPERMARKET, INC.,

    Plaintiff,

v.                                                         Case No. 2:11-cv-10998

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
                                                     /

**ORDER APPOINTING IMPARTIAL UMPIRE FOR APPRAISAL OF PLAINTIFF'S
BUILDING LOSSES AND SETTING TELEPHONE CONFERENCE**

In this action, Plaintiff seeks coverage under its fire insurance policy with Defendant for alleged losses sustained in fires at the Shoppers Choice Supermarket in Detroit, Michigan, on April 7, 2010, and April 13, 2010. Among other claims, Plaintiff alleges losses from fire damage to the supermarket building. In an attempt to calculate the amount of the building loss, each party retained an adjuster to assess its "actual cash value" ("ACV"), in hopes that the adjusters may reach an accord. *See* Mich. Comp. Laws § 500.2833(1)(a), (b) (requiring all fire insurance policies issued or delivered in the state to provide coverage "for the actual cash value of the property at the time of loss" and "for direct loss by fire").

In an October 7, 2011 joint status report and an October 11, 2011 telephone conference, the parties informed the court that, due in part to their differing views on the methodology for assessing the ACV, the adjusters had been unable to agree on the

amount of the building loss.[1] As a result, the parties had begun the process of determining the ACV by appraisal. The policy incorporates the appraisal procedures outlined in Michigan Compiled Laws section 500.2833(1)(m), which requires "[e]ach fire insurance policy issued or delivered in this state" to contain a provision:

> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

Mich. Comp. Laws § 500.2833(1)(m).

The parties advised the court that, pursuant to this process, they had each selected their adjuster as their "competent, independent appraiser." However, the appraisers were unable to agree upon the "competent, impartial umpire" tasked with resolving any differences between the competing appraisals. The parties requested that the court appoint an impartial umpire and expressed a desire that any umpire selected have some experience in calculating the ACV and amount of loss under

---

[1]Based on the status report, the parties have no other discovery disputes or outstanding issues at this time. Therefore, all case-management deadlines remain in place, including the discovery deadline of December 23, 2011.

Michigan law.  They subsequently agreed to the court's suggested appointment of an attorney with extensive experience as counsel for both plaintiffs and defendants, and with experience as well in business ventures, as the impartial umpire.  The parties agreed also with the court's further suggestion that the umpire's role in the appraisal process may well include some elements of facilitative discussion between and among the parties' attorneys, the parties' appraisers, or both.  Accordingly,

IT IS ORDERED that Gary A. Fletcher, Esq., is APPOINTED by the court as the impartial umpire for the appraisal of Plaintiff's building losses under Michigan Compiled Laws section 500.2833(1)(m).  In accordance with that statute, the umpire's fees and expenses shall be paid on a pro rata basis by the parties, 50% by Plaintiff and 50% by Defendants, on a schedule as directed by the umpire.

IT IS FURTHER ORDERED that the appraisal shall proceed in a manner directed by the umpire, following the procedures outlined in Michigan Compiled Laws section 500.2833(1)(m).  The court expects that, if required, the umpire will endeavor to resolve any differences in the appraisers' calculations in the ACV or amount of loss with reference to the governing principles of Michigan law.  The umpire may request, and the parties shall provide, any documents or other information, including opinions from the parties' counsel on any pertinent legal issues, that may aid in the umpire's decision.  The umpire may also chose to require a facilitative conference with counsel for the parties and the appraisers.

IT IS FURTHER ORDERED that, once a final decision as to the amount of loss is reached, the umpire shall notify the parties in writing.  The parties shall then inform the court by filing a joint notice of the umpire's determination.  The court expects that such a

joint notice will be filed by **December 2, 2011**.  The court shall hold a telephone conference with the parties on **December 5, 2011, at 2:30 p.m.**  The court will place the telephone call.  The umpire may participate at his option or at the request of the parties.  The parties should be prepared to discuss the status of the appraisal proceeding and its expected impact on the final disposition of this case.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2011, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner  
                                                Case Manager and Deputy Clerk  
                                                (313) 234-5522